**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICE UNDERWOOD and RENO MOVERS, LLC,<br><br>           Plaintiffs - Appellants,<br><br>  v.<br><br>ANDREW J. MACKAY; et al.,<br><br>           Defendants - Appellees. | No. 13-16313<br><br>D.C. No.<br>3:12-cv-00533-MMD-VPC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted May 14, 2015
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and DUFFY, District Judge.[**]

Maurice Underwood and Reno Movers, LLC ("Plaintiffs") appeal the district

court's dismissal, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, of

their suit for declaratory and injunctive relief against several commissioners and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

staff of the Nevada Transportation Authority, all in their official capacities ("Defendants"). Plaintiffs' suit challenges the constitutionality of several Nevada motor carrier licensing requirements, Nevada Revised Statutes ("NRS") §§ 706.391 and 706.151 and Nevada Administrative Code ("NAC") § 706.1375. These statutes require would-be movers to apply for a Certificate of Public Convenience and Necessity ("Certificate") and appear at a hearing. Plaintiffs claim that the licensing scheme is unconstitutional because it permits Defendants to consider whether granting a Certificate would be competitively detrimental to existing moving companies. *See* NRS § 706.391(2)(a) & (c). Plaintiffs also allege that certain licensing criteria are void for vagueness. The district court dismissed Plaintiffs' claims as unripe. For the reasons set forth herein, we affirm the judgment of the district court.

Plaintiffs have never completed an application for a Certificate. They admit that they once submitted an application and then withdrew it on the advice of counsel. Plaintiffs state that they are ready to operate a full-service moving company, but without a Certificate, can only legally operate a loading and unloading service and may not drive moving vans from place to place.

"The ripeness of a claim is reviewed de novo." *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1434 (9th Cir. 1996). "In reviewing the

Rule 12(b)(1) dismissal, we must accept all factual allegations in the complaint as true." *Carson Harbor Vill., Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir. 2004). Plaintiffs bear the burden of proving that their claim is ripe. *See Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000).

Ripeness is "'a question of timing'" and is "designed to 'prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (internal citations omitted). Ripeness has both prudential and constitutional dimensions. *Id.* "Prudential ripeness . . . involves 'two overarching considerations: the fitness of the issues for judicial review and the hardship to the parties of withholding court consideration.'" *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 849 (9th Cir. 2007) (quoting *Thomas*, 220 F.3d at 1141).

The fitness prong of the prudential ripeness inquiry asks whether "judicial resolution of the question presented . . . should await a concrete dispute." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003). Even a case that is "purely legal" may be deemed unripe if "further factual development would 'significantly advance our ability to deal with the legal issues presented.'" *Id.* (internal citations omitted).

3

Plaintiffs argue that a party is not necessarily required to apply for a license in order to challenge a licensing scheme. *See, e.g.*, *City of Chicago v. Atchison, Topeka & Santa Fe Ry. Co.*, 357 U.S. 77, 89 (1958); *Inland Empire Chapter of Associated Gen. Contractors of Am. v. Dear*, 77 F.3d 296, 299 (9th Cir. 1996). In contrast to the cases that Plaintiffs cite, however, it is not at all clear how the statutes at issue would be applied to Plaintiffs, whether the statutes would be applied unconstitutionally, or whether the statutes would operate to deprive Plaintiffs of anything. *See Thomas*, 220 F.3d at 1142. In particular, subsection 3 of NRS § 706.391 seems to prevent the precise harm that Plaintiffs fear by forbidding Defendants from deciding an application on competitive grounds alone. Without the denial of an application, Plaintiffs' claimed injury is too speculative and hypothetical to be fit for review.

Plaintiffs' claims also fail on the hardship inquiry. Hardship considers "the degree and nature of the regulation's present effect on those seeking relief." *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 164 (1967). Plaintiffs assert that the statutes deprive them of their right to pursue their occupation of choice, but have failed to apply for a Certificate. Plaintiffs' argument that submitting to evaluation under unconstitutional criteria is an injury in itself likewise fails because, as noted, it is not clear that Plaintiffs' application would be evaluated using unconstitutional

4

criteria. Moreover, Plaintiffs fail to demonstrate that the process itself works a hardship because Plaintiffs acknowledge that parts of the licensing process are valid, and therefore, subjecting Plaintiffs to procedural requirements does not cause them harm. *Cf. Sayles Hydro Assocs. v. Maughan*, 985 F.2d 451, 454 (9th Cir. 1993). Plaintiffs have thus failed to demonstrate hardship under the prudential ripeness test.

Plaintiffs' void for vagueness challenge is also unripe because it is not clear how Defendants apply the challenged criteria, and if and how Defendants exercise their discretion.[1] *See Freedom to Travel*, 82 F.3d at 1441. Because Plaintiffs' claims are unripe under the prudential standard, we will not analyze the three-factor constitutional ripeness standard. *See Thomas*, 220 F.3d at 1141.

Accordingly, the district court's dismissal of Plaintiffs' claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure is **AFFIRMED**.

---

[1] Because Plaintiffs' claims are not ripe, we decline the parties' invitation to take judicial notice of Defendant Mackay's testimony, and deny the motion as moot.